### J. O. CRIM v. STATE.
#### No. 15855.

Court of Criminal Appeals of Texas.
Feb. 8, 1933.

Crawford & Fletcher, of Grand Saline, and Earl M. Greer, of Wills Point, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being two years' confinement in the penitentiary.

The record contains neither statement of facts nor bills of exception.

We observe that in pronouncing sentence upon appellant the court overlooked giving him the benefit of the Indeterminate Sentence Law (Code Cr. Proc. 1925, art. 775), and directs his imprisonment in the penitentiary for two years. It should have been for not less than one nor more than two years. The sentence is reformed to so read.

As reformed, the judgment is affirmed.

### R. L. CUSTER v. STATE.
#### No. 15801.

Court of Criminal Appeals of Texas.
Jan. 25, 1933.

M. E. Lawrence, of Eastland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft; punishment, two years in the penitentiary.

We find in the record an affidavit made by appellant asking to be permitted to withdraw his appeal. The request is granted.

The appeal is dismissed.

### Jim DAVENPORT v. STATE.
#### No. 15750.

Court of Criminal Appeals of Texas.
Jan. 25, 1933.

T. A. Bath, C. L. Williams, and A. H. Waldrop, all of Henderson, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is murder; penalty assessed at confinement in the penitentiary for twelve years.

The indictment is regular and regularly presented. A report of the evidence that was heard before the trial court is not brought up for review. Upon examination of the record, we have perceived no departure from the proper procedure which would warrant this court in reversing the judgment. The charge of the court fully covers the subject.

There is some complaint in the motion for new trial of the action of the court in ruling upon the admission and rejection of the evidence. There are no bills of exception disclosing that the matter was called to the attention of the trial court at the time the evidence was received. There is nothing in the record which enables this court to determine that in the ruling of the court error was committed. As stated above, the motion for new trial is supported by no bills of exception, and no facts are produced in support of the averments in the motion.

In the judgment and sentence, the court failed to take note of the Indeterminate Sentence Law, as contained in article 775, C. C. P. 1925. The judgment will be reformed so as to condemn the appellant to confinement in the state penitentiary for a period of not less than two nor more than twelve years.

As reformed, the judgment is affirmed.